**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**


OMAR KHAYYAM HUMPHREY                                                      **PLAINTIFF**

V.                                                                                    **NO. 4:10CV132-P-A**

RUBY MURRY, et al.                                                            **DEFENDANTS**


### MEMORANDUM OPINION

This matter is before the court, *sua sponte*, for consideration of dismissal in accordance with 28 U.S.C. §§ 1915(e)(2) and 1915(A). The Plaintiff, an inmate in the custody of the Mississippi Department of Corrections, filed this complaint *pro se* pursuant to 42 U.S.C. § 1983. The Plaintiff is attempting to maintain a claim for a due process violation.

In his pleadings, the Plaintiff complains of a Rule Violation Report ("RVR") he received for possession of contraband–a cell phone. A disciplinary hearing was held. The Plaintiff, however, claims that no investigation was conducted and that when he requested a continuance of the hearing the request was denied. The Plaintiff argues that the hearing was not fair because the "record was not complete." For relief of this perceived transgressions, the Plaintiff asks that the RVR be expunged from his record, his custody level restored, and monetary damages for pain and suffering.

After carefully considering the contents of the *pro se* complaint and giving it the liberal construction required by *Haines v. Kerner*, 404 U.S. 519 (1972), this court has come to the following conclusion.

To invoke the protections of the Due Process Clause, the plaintiff must have a protected liberty interest at stake. Due process requires an inmate facing a disciplinary action be provided: (1) a written notice of the disciplinary action charges; (2) a written statement by the fact finder of the evidence and reasons for the disciplinary action; and (3) an opportunity to present evidence and call witnesses in his defense, if not unduly hazardous to institutional safety or correctional goals. *Wolff v. McDonnell*, 418 U.S. 539, 564-65, 94 S. Ct. 2963. 41 L. Ed. 2d 935 (1974). Federal courts

do not "second-guess" the findings and determinations of prison disciplinary committees. The

Constitution does not demand "error-free decision making ...." *Collins v. King*, 743 F.2d 248, 253-

54 (5th Cir. 1984) (quoting *McCrae v. Hankins*, 720 F.2d 863, 868 (5th Cir. 1983)). As long as

there is "some evidence" in the record to support the disciplinary decision, due process requirements

have been met. *Morgan v. Quaterman*, 570 F.3d 663, 668 (5th Cir. 2009). Furthermore, "a prison

official's failure to follow the prison's own policies, procedures or regulations" does not provide a

basis for relief. *Stanley v. Foster*, 464 F.3d 565, 569 (5th Cir. 2006) (confiscation of property is not

a constitutional violation); *see also Sharp v. Anderson*, 220 F.3d 587, WL 960568 at \*1 (5th Cir.

2000) (placement in administrative segregation after being found not guilty of disciplinary charges

did not implicate due process concerns).

The Plaintiff's own allegations defeat his claim. He argues that he was denied an adequate

investigation. So long as there is "some evidence" to support the guilty decision, the Constitution

is not implicated. The Plaintiff admits he was afforded a hearing. He simply takes issue with the

outcome. Moreover, the Plaintiff's claim cannot withstand scrutiny based on the purported failure

to conduct an adequate investigation. *Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir. 2005).

(relying on a "legally nonexistent interest, any alleged due process violation arising from the alleged

failure to investigate his grievances is indisputably meritless."); *see also Smith v. Beasley*, No.

2:06cv013, 2006 WL 2805205 at \*1 (S.D. Miss. Sept. 26, 2006) (dismissing 1983 complaint based

on the alleged failure of the department of corrections to conduct an adequate investigation of a rule

violation report).

In addition, inmates have neither a protectable property or liberty interest to any particular

housing assignment or custodial classification, either under the United States Constitution or under

Mississippi law. *Meachum v. Fano*, 427 U.S. 215, 224, 96 S. Ct. 2532, 49 L. Ed. 2d 451 (1976);

*Wilson v. Budney*, 976 F.2d 957, 958 (5th Cir. 1992); *McCord v. Maggio*, 910 F.2d 1248, 1250 (5th

Cir. 1990) (citations omitted); Miss. Code Ann. §§ 47-5-99 to -103 (1993). He, thus, may not

maintain a claim based on the negative impact on his custody level.

To the extent he is seeking monetary damages, his claim also fails.  A *pro se* prisoner plaintiff in a case filed under 42 U.S.C. § 1983 must allege more than *de minimis* physical injury to state a claim for physical or emotional damages – regardless of the nature of the claim.  *Geiger v. Jowers*, 404 F.3d 371 (5th Cir. 2005), 42 U.S.C. § 1997e(e). Here, the Plaintiff has not alleged any physical injury beyond mental and emotional distress.  In fact, Plaintiff states absolutely no injury at all.  *Taylor v. Milton*, No. 04-60569, 2005 WL 352637 at * 1, (5th Cir. 2005) (no 1983 claim for damages where guards confiscated legal work at gunpoint, where prionser did not allege a physical injury).  Since Plaintiff has not alleged even a *de minimis* injury, he has, therefore, failed to state a claim for an Eighth Amendment violation.  *Hudson v. McMillian*, 503 U.S. 1, 9-10, 112 S. Ct. 995, 117 L. Ed. 2d 156 (1992).

Accordingly, for each of the foregoing reasons, the court finds that the Plaintiff has failed to provide sufficient facts to state a claim upon which relief may be granted.

## Strike

The dismissal of the Plaintiff's frivolous complaint shall count as a "strike" under 28 U.S.C. § 1915(g).  *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996).  Mr. Humphrey  is cautioned that once he accumulates three strikes, he may not proceed *in forma pauperis* in any civil action or appeal while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  *See* 28 U.S.C. § 1915(g).

A final judgment in accordance with this opinion will be entered.

THIS the 1ˢᵗ  day of December, 2010

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE